UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAHMARI BUTLER,<br>　　　　Plaintiff,<br>　　v.<br>KEN CLARK,<br>　　　　Defendant. | Case No. 5:18-cv-07446-EJD<br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 1 |

Plaintiff, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction.

## I. BACKGROUND

According to the petition, Plaintiff was found guilty by a jury in Alameda County Superior Court of carjacking, second-degree robbery, unlawfully taking a vehicle, and reckless driving/driving opposite traffic while evading police, with a gun enhancement. Dkt. 1 at 5. Plaintiff was sentenced to 27 years in prison. *Id.*

Plaintiff appealed his conviction to the state appellate court, and then to the California Supreme Court, which denied review on September 20, 2017.

Plaintiff filed this federal habeas action on December 11, 2018.

## II. DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Upon filing a writ of habeas corpus, a federal court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id*. § 2243.

### B. Legal Claims

Plaintiff raises the following grounds for federal habeas relief; he argues that his conviction violates due process because: (1) the evidence was insufficient to prove that he intended to facilitate carjacking; (2) the trial court erred in admitting evidence of his prior robbery conviction; (3) the trial court failed to properly instruct the jury on the limited use of the wrongfully admitted prior-robbery evidence; and (4) this resulted in cumulative error. Dkt. 1 at 11–20. Liberally construed, these claims are cognizable under § 2254 and merit an answer from Defendant.

## III. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto, (**Docket No. 1**), on Defendant and Defendant's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Plaintiff.

2. Defendant shall file with the court and serve on Plaintiff, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Defendant shall file with the answer and serve on Plaintiff a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Plaintiff wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Defendant within **thirty (30) days** of his receipt of the answer.

3. Defendant may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Defendant files such a motion, Plaintiff shall file with the Court and serve on

Case No.: 5:18-cv-07446-EJD
ORDER TO SHOW CAUSE

2

1 Defendant an opposition or statement of non-opposition within **twenty-eight (28) days** of
2 receipt of the motion, and Defendant shall file with the court and serve on Plaintiff a reply
3 within **fourteen (14) days** of receipt of any opposition.

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff is reminded that all communications with the Court must be served on Defendant by mailing a true copy of the document to Defendant's counsel. Plaintiff must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: January 14, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07446-EJD
ORDER TO SHOW CAUSE
3